# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Regina Navarro,	Case No. 3:14CR273

    Defendant/Movant

v.	**ORDER**

United States of America,

    Plaintiff/Respondent

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

Defendant Regina Navarro was one of twenty-six defendants in a drug-conspiracy prosecution. She pleaded guilty to one of the four counts against her: conspiracy to possess with intent to distribute heroin, cocaine, and marijuana.

As part of her plea agreement, Navarro stipulated that her base offense level for the quantity of heroin at issue (at least one kilogram, but less than three kilograms) was 30, and that she was subject to a two-level enhancement for being a leader or organizer of the offense. (Doc. 538 at ¶18). According to the presentence report, Navarro's total offense level was 29, which reflected a three-level reduction for acceptance of responsibility. (Doc. 599 at ¶¶24–33). Navarro's criminal history was Category III, given her four prior theft offenses. (*Id.* at ¶¶37, 43, 47, 51).

These figures yielded a Guidelines range of between 108 and 135 months of imprisonment. But because Navarro's offense was subject to a ten-year mandatory-minimum sentence, the final Guidelines ranges was 120 to 135 months of imprisonment. (*Id.* at ¶100); *see also* 21 U.S.C.

§ 841(b)(1)(a). Navarro's lawyer negotiated with prosecutors, however, to permit me to impose a below-Guidelines sentence (Doc. 538 at ¶22), and I sentenced Navarro to seventy-eight months of imprisonment. (Doc. 624).

Notwithstanding that accomplishment, Navarro now claims that counsel was ineffective because he failed to: 1) object to the allegedly improper calculation of her criminal history; 2) argue that she was entitled to several "*Booker* variances"; 3) object to "each and every sentencing enhancement" she received; and 4) challenge her sentence on the basis of *Booker* and *Alleyne v. U.S.*, 133 S. Ct. 2151 (2003).

## Discussion

To prevail on an ineffective-assistance claim, the defendant must "show both that his counsel provided deficient assistance and that there was prejudice as a result." *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

The performance prong calls for "an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Id.* My review of counsel's performance is highly deferential, and I am "required not simply to give [counsel] the benefit of the doubt, but to affirmatively entertain the range of possible reasons counsel may have had for proceeding as [he] did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011).

"With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington*, *supra*, 562 U.S. at 104.

## A. Criminal History

Navarro contends that her criminal history was Category III only because she incurred one point for a "slap on the writ (misdemeanor) for driving without a driver's license," and that it was improper to count that offense. (Doc. 653 at 1). But the record refutes that claim: Navarro's four criminal-history points were for theft offenses, not traffic offenses. (Doc. 599 at ¶¶37, 43, 47, 51). Trial counsel therefore had no basis to challenge Navarro's criminal history category, and his "failure" to do so was not prejudicial.

## B. Variances

Navarro argues that she was entitled to "several *Booker* variances," and that counsel's failure to request them prejudiced her by subjecting her to a longer sentence. (Doc. 653 at 1). But the record establishes that she was not entitled to any of the variances, so this aspect of her ineffective-assistance claim fails.

Navarro maintains that counsel should have sought a variance under U.S.S.G. § 5H1.4, but that section actually provides that "[d]rug or alcohol dependence or abuse ordinarily is not a reason for a downward departure."

She also alleges that she was eligible for a first-time-offender variance under 18 U.S.C. § 3553(f), which permits a district court to impose a sentence "without regard to any statutory minimum sentence" if certain criteria are met. But here, Navarro could not meet at least two of those criteria: she had more than one criminal-history point, and she was a leader or organizer in the offense. *See* 18 U.S.C. § 3553(f)(1), (4).

Finally, Navarro maintains that a "career criminal mistake" occurred in this case, and that counsel was ineffective for failing to correct it. (Doc. 653 at 1). But the record is clear that I did not

sentence Navarro either as a career offender or an armed career criminal. This basis of her *Strickland*, too, is entirely without merit.

## C. Leadership Enhancement

Navarro's next contention – that the leadership enhancement was improper – is baseless. In her plea agreement, Navarro stipulated to the propriety of the two-level leadership enhancement. (Doc. 538 at ¶18). Moreover, Navarro does not discuss any evidence that counsel could have relied on to challenge the enhancement.

## D. *Booker* and *Alleyne*

Finally, the Court's decisions in *Booker* and *Alleyne* have nothing to say about the propriety of Navarro's sentence.

Navarro's guilty plea – and thus the facts she herself admitted under oath in the plea agreement and in open court – exposed her to a sentencing range of between ten years' and life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(i) & 21 U.S.C. § 846. Accordingly, her sentence was not vulnerable to challenge on grounds that I imposed a harsher sentence based on facts neither admitted by Navarro nor proved beyond a reasonable doubt.

Counsel's "failure" to cite case law having nothing to do with Navarro's case did not amount to ineffective assistance.

## Conclusion

The defendant's claim that her lawyer failed to provide constitutionally sufficient representation has no basis in fact or law. Had counsel challenged the criminal history category, objected to the enhancement for Navarro's role in the offense, or advocated for a variance, he would have, either in effect or in fact, been seeking a sentence outside the range to which the defendant

agreed in her plea agreement. His not doing so constituted highly effective representation of great benefit to the defendant.

Thanks to her lawyer's good work, Navarro received a sentence that was substantially below the guideline range to which she agreed in her plea agreement. In effect and in fact, she got, without her attorney violating the agreement, what she claims counsel should, in violation thereof, have sought: namely, a sentence forty-two months less than what she bargained for.

It is, accordingly,

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied. No certificate of appealability will issue.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge